### St. Louis, Iron Mountain & Southern Railway Company v. George Fankboner.

1. LIVE STOCK—*duty of owner of, using land near railroad track.* It is the duty of a person, who is using land near a railroad track for his stock and accustomed to pass over a farm crossing near at hand, where his stock may, if the gates are left open, pass upon the track, to keep the gates closed in passing back and forth over the track; and if, by reason of his failure to do so, his stock goes upon the track and is injured, he cannot recover damages therefor from the railroad company in the absence of wilfulness on the part of the employes of the company.

Action in case.     Appeal from the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER, Judge, presiding.     Heard in this court at the February term, 1906.     Reversed and remanded. Opinion filed Sepember 14, 1906.

HERBERT & LEVY and FORMAN & WHITNEL, for appellant.

McELVAIN & GLENN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee, who is a farmer of Jackson county, Illinois, lived in the spring of 1904 on the west side of appellant's railroad, and was engaged in farming land on the east side of the same. He used a road known as the Murphysboro and Grand Tower road, which was a highway running north and south between a quarter and a half mile west of appellant's road, and in going to and from his work was accustomed to turn from this highway into a road or lane from fifteen to twenty-five feet wide running east and across the railroad, at right angles. On the evening of Saturday, May 29th, he left a team with which he had been working in a large pasture east of the railroad, and on the Monday morning following he discovered the horses on the right of way near appellant's said crossing, one dead and the other so badly injured that it had to be killed. He brought suit against appellant and recovered a judgment for $365, which included $45 attorney's fees.

There were three counts in the declaration as the case went to the jury. The first charged appellant with a failure to maintain fences on the side of its railroad suitable and sufficient to prevent horses from getting thereon, by means whereof two horses of plaintiff went upon said railroad at a place where such fences were necessary to prevent horses from getting thereon and not where said railroad then and there crossed any public road or highway, nor within the limits of any town, city or village. The second charged negligence on the part of the defendant in failing to maintain cattle guards, suitable to prevent horses from getting upon the railroad at a certain public crossing, and the remaining count charged that defendant failed to maintain and keep the gates at a farm crossing closed, and that by reason of such failure two horses of the plaintiff strayed and went upon the railroad through the open gates at the farm crossing and were struck, etc.

No one saw the horses injured, and it was the theory

of appellee that they got out of the pasture into the
road or lane, running east and west, and from thence
strayed upon the railroad track, where they were
struck by a passing train.

The evidence showed that no cattle guards or wing
fences had been constructed at the crossing in ques-
tion, but that appellant had erected and maintained
gates on both sides of the road and that they were
sometimes closed and at other times left open. It also
appeared there were two other gates along the
road which were kept closed about half the time. Ap-
pellee introduced evidence for the purpose of showing
that the road in question was a public highway, but
claimed the right to recover under his declaration,
whether the road was a public highway or a private
way, and instructions were given to the jury on both
theories of the case.

Appellee testified he went to work along the
road in question on Wednesday, Thursday, Friday and
Saturday preceding the time when the stock was in-
jured, and that on each occasion, both in going to and
coming from work, he found and left the gates at the
crossing open. Appellee's instruction No. 3 was given
upon the theory that the road was a private road and
the crossing a farm crossing, and told the jury that
it was the duty of the railroad to construct gates and
bars at the farm crossing and to use ordinary care
to see that said bars were closed and in such condition
as to prevent horses from getting onto its road, and if
it failed to do so, it was liable for damages done by
its engines and cars to horses so getting upon the line
of railroad. Appellant contended that appellee could
not recover under that part of the declaration, which
charged that the road in question was a private way,
and therefore the crossing a farm crossing, for the
reason that appellee was guilty of contributory negli-
gence in leaving the gates open. The instruction above
referred to, omitted all reference to this theory of the
case, and told the jury to find for appellee if appellant

had failed to keep the gates closed, regardless of the fact there was evidence tending to show that appellee was negligent in leaving them open himself.

It is the duty of a person, who is using land near a railroad track for his stock and accustomed to pass over a farm crossing near at hand, where his stock may, if the gates are left open, pass upon the track, to keep the gates closed in passing back and forth over the track; and if, by reason of his failure to do so, his stock goes upon the track and is injured, he cannot recover damages therefor from the railroad company in the absence of wilfulness on the part of the employes of the company. Ranney v. C., B. & Q. R. R. Co., 59 Ill. App. 130; C., B. & Q. R. R. Co. v. Sierer, 13 Ill. App. 261.

The question whether appellee was guilty of contributory negligence, was an important question of fact for the jury, to be determined from all the circumstances in the case, as shown by the evidence, under proper instructions. The instruction referred to ignored an important element in the case and was improperly given. The same objection in a less degree applies to instruction No. 9 given for appellee.

For the error in instructions above referred to, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*